IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ARSEN MURATOV, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |
| | ) | |

Plaintiff, Arsen Muratov, brings this action for a finding that Defendant, NCO Financial Systems, Inc. ("NCO"), violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq., and for the recovery of damages, costs and attorney's fees for such violations. Plaintiff alleges:

## PREAMBLE

1. The United States Congress has found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, contributing to personal bankruptcies, marital instability, loss of jobs, and invasions of privacy. (*see* 15 U.S.C.A. §1692[a].)

2. In response thereto, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C.A. §§ 1692 et seq., the purpose of which is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (*see* 15 U.S.C.A §1692[e].)

3. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for any actual damages sustained by such person as a result of such failure (*see* 15 U.S.C.A §1692k[a][1]), as well as statutory damages up to one thousand dollars ($1,000.00.) (*see* 15 U.S.C.A §1692k[a][2][A].)

4. Additionally, in the case of any successful action to enforce the foregoing liability, the debt collector is also liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. (*see* 15 U.S.C.A §1692k[a][3].)

5. Plaintiff, Arsen Muratov, brings this action against Defendant, NCO, for a finding that Defendant violated the FDCPA, and for the recovery of damages, costs and attorney's fees for such violations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C.A §1692k(d) and 28 U.S.C. §1331.

7. This Court is the proper venue pursuant to 28 U.S.C.A. §1391 because Defendant does business in this Judicial District, or because a substantial part of the events giving rise to the claim occurred in this Judicial District.

## PARTIES

8. Plaintiff, Arsen Muratov, is a natural person who resides in Flushing, New York in the County of Queens.

9. Defendant, NCO, is located in Horsham, Pennsylvania.

10. Plaintiff, Arsen Muratov, is a "consumer" as defined by 15 U.S.C.A. §1692a(3), in that Plaintiff is a natural person obligated or allegedly obligated to pay any debt.

11. Defendant, NCO is a "debt collector" as defined by 15 U.S.C.A. §1692a(6), in that Defendant uses an instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

12. Plaintiff is alleged to have incurred a "debt," as defined by 15 U.S.C.A. §1692a(5) with TD Bank, N.A.

13. On a date unknown to Plaintiff, but after the date the alleged debt became overdue, said debt was purportedly placed with or otherwise transferred to Defendant, NCO, for collection purposes.

14. Thereafter, Defendant sent Plaintiff, Arsen Muratov, a collection letter dated January 15, 2013, attempting to collect the alleged debt. (A copy of the January 15, 2013 letter is annexed hereto as Exhibit "1").

15. While the letter contains the statutory "validation notice" required by 1692(g), the letter also contains another paragraph regarding settlement which contradicts and/or overshadows the statutory notice.

16. The statement reads, "The creditor has agreed to accept 70 percent of the balance listed above or $429.68 as a lump sum settlement of the account. This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid."

17. This statement dictates a certain time frame in which a settlement may be available, (45) days, which conflicts with the statutory thirty (30) days that Plaintiff is afforded by statute in which to dispute the validity of the debt or any portion thereof. The letter does advise the consumer that the time frame available for settlement does not in any way impact or override the consumer's right's under Section 1962g.

18. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard.

19. All of the collection actions at issue occurred within one year of the date of this complaint.

20. By this conduct, Defendant violated certain provisions of the FDCPA, as set forth below.

### CAUSES OF ACTION

### COUNT I

### Violation of 15 U.S.C.A. §1692g(a) – Notice of Debt

21. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

22. Within five (5) days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: The amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt,

or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  (15 U.S.C.A. §1692g[a].)

23. The statutorily-required validation notice must be communicated effectively by the debt collector.  (*see Savino v. Computer Credit, Inc.* 164 F.3d 81 [2d Cir. 1998].) "When a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act.". (*Russel v. Equifax A.R.S.*, 74 F.3d 30, 34 [2d Cir. 1996] citing *Graziano v. Harrison*, 950 F.2d 107, 111 [3d Cir.1991]).

24. "When determining whether Section 1962g has been violated, courts use 'an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector." (*Id.* citing, inter alia, *Clomon v. Jackson*, 988 F.2d 1314, 1318 [2d Cir.1993].)

25. The validation notice contained in Defendant's collection letter dated January 15, 2013, is overshadowed by the statement above which directs that the settlement terms offered would remain open for a minimum of (45) days, as it would leave anyone, let alone the least sophisticated consumer, confused as to their rights regarding the alleged debt.  To wit, the Plaintiff could have reasonably interpreted the (45) day settlement time frame to override the (30) day validation time frame, such that he may believe that more time was available to him in deciding whether or not he would dispute the validity of the debt or accept the settlement offer.

26. Defendant's violations of §1692(a)(2) render Defendant liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.A. §1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

- Actual damages pursuant to 15 U.S.C.A. §1692k(a)(1) in an amount to be determined at trial;

- Statutory damages of $1,000.00 pursuant to 15 U.S.C.A. §1692k(a)(2)(A);

- Litigation costs together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C.A. § 1692k(a)(3).

## JURY DEMAND

Plaintiff, Arsen Muratov, demands a trial by jury.

Dated: July 15, 2013

By: /s/Craig B. Sanders
Attorneys for Arsen Muratov
Craig B. Sanders (CS4163)
Sanders Law, PLLC
100 Garden City Plaza
Suite 500
Garden City, New York 11530
516-203-7600
csanders@sanderslawpllc.com